**FILED**
**FEB 1 4 2012**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATELYN SACK<br>111 David Terrace<br>Charlottesville, VA 22903,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, DC 20505,<br><br>and<br><br>DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, DC 20301,<br><br>and<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><br>Defendants. | Case: 1:12-cv-00244<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 2/14/2012<br>Description: FOIA/Privacy Act |

## COMPLAINT

Plaintiff Katelyn Sack brings this action against Defendants Central Intelligence Agency, Department of Defense, and Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq., as amended* ("FOIA"), the Privacy Act, 5 U.S.C. § 552a, *et seq.* (collectively "FOIA/PA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

1

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1)(D) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(5) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Katelyn Sack ("Sack") is a U.S. citizen and is a resident of the Commonwealth of Virginia.

4. Sack is a Ph.D. student at the University of Virginia working on her dissertation on polygraph bias. The Director of Graduate Studies for the Department of Politics has authorized her to file FOIA requests as a representative of that institution. She is therefore considered a representative of an educational or noncommercial scientific institution whose purpose is scholarly or scientific research within the meaning of 5 U.S.C. § 552(a)(4)(A).

5. Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Sack which are the subject of this action.

6. Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Sack which are the subject of this action.

7. The Defense Intelligence Agency ("DIA"), DOD Office of Inspector General ("DODIG"), and U.S. Air Force ("USAF") are DOD components.

2

8. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Sack which are the subject of this action.

9. The Office of Information Policy ("OIP") and Office of Legal Counsel ("OLC") are DOJ components.

## FIRST CAUSE OF ACTION

### (CIA – RECORDS DENIAL – F-2011-00389)

10. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

11. On 30 November 2010, Sack submitted to CIA a FOIA request for a list of closed Inspector General investigations and reports.

12. On 7 February 2011, CIA acknowledged receipt of this request and assigned it Request No. F-2011-00389. In this letter, CIA stated that it would not accept the request because it would require the Agency to perform an unreasonably burdensome search.

13. Sack did not appeal this determination. On information and belief, if Sack had submitted an administrative appeal, CIA would have refused to accept it.

14. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by CIA of said right.

## SECOND CAUSE OF ACTION

### (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-01757)

15. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

16. On 5 July 2011, Sack submitted to CIA a FOIA/PA request for all records referencing FOIA, Privacy Act, and Mandatory Declassification Review requests submitted by her.

17. On 11 August 2011, CIA acknowledged receipt of this request and assigned it Request No. F-2011-01757. In this letter, CIA stated, "We will search for records existing through the date of this acceptance letter."

18. On 15 August 2011, Sack sent a letter containing the following to CIA:

Ms. Sack hereby formally objects to the use of a date-of-response-letter cut-off for all searches for records responsive to th[is] request[ ] and stipulates that [the] search may be restricted to records created prior to the date of the first substantive review of the . . . request by CIA FOIA personnel (as opposed to the date that receipt of the request was acknowledged by the CIA). Commonly this equates to the date that the first search is completed by any CIA component, but under no circumstances will it be before the first search is performed. Tasking a component to perform a search does not meet the requirement of "performing" the search.

19. As twenty working days have elapsed without a substantive determination by CIA, Sack has exhausted all required administrative remedies.

20. Sack has a legal right under FOIA/PA to obtain the information she seeks, and there is no legal basis for the denial by CIA of said right. Sack has a further legal right under FOIA/PA to the use of a reasonable "cut-off" date by CIA, and a date-of-acceptance-letter cut-off does not satisfy that right.

## THIRD CAUSE OF ACTION

## (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-01778)

21. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

22. On 1 November 1994, the Senate Select Committee on Intelligence published its report on the Aldrich Ames investigation. *See* "An Assessment of the Aldrich H. Ames Espionage Case and Its Implications for U.S. Intelligence," *Staff Report*, Select Committee on Intelligence, U.S. Senate, 103d Cong., 2d Sess. (Nov. 1, 1994) [hereinafter "SSCI Report"].

23. On 5 July 2011, Sack submitted to CIA a FOIA request for selected records about Recommendation No. 17 of the SSCI Report.

24. On 11 August 2011, CIA acknowledged receipt of this request and assigned it Request No. F-2011-01778. In this letter, CIA stated, "We will search for records existing through the date of this acceptance letter."

25. On 15 August 2011, Sack sent a letter containing the following to CIA:

Ms. Sack hereby formally objects to the use of a date-of-response-letter cut-off for all searches for records responsive to th[is] request[ ] and stipulates that [the] search may be restricted to records created prior to the date of the first substantive review of the . . . request by CIA FOIA personnel (as opposed to the date that receipt of the request was acknowledged by the CIA). Commonly this equates to the date that the first search is completed by any CIA component, but under no circumstances will it be before the first search is performed. Tasking a component to perform a search does not meet the requirement of "performing" the search.

5

26. As twenty working days have elapsed without a substantive determination by CIA, Sack has exhausted all required administrative remedies.

27. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by CIA of said right. Sack has a further legal right under FOIA to the use of a reasonable "cut-off" date by CIA, and a date-of-acceptance-letter cut-off does not satisfy that right.

## FOURTH CAUSE OF ACTION

### (CIA – CONSTRUCTIVE RECORDS DENIAL – F-2011-01779)

28. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

29. On 5 July 2011, Sack submitted to CIA a FOIA request for selected records about Recommendation No. 18 of the SSCI Report.

30. On 11 August 2011, CIA acknowledged receipt of this request and assigned it Request No. F-2011-01779. In this letter, CIA stated, "We will search for records existing through the date of this acceptance letter."

31. On 15 August 2011, Sack sent a letter containing the following to CIA:

Ms. Sack hereby formally objects to the use of a date-of-response-letter cut-off for all searches for records responsive to th[is] request[ ] and stipulates that [the] search may be restricted to records created prior to the date of the first substantive review of the . . . request by CIA FOIA personnel (as opposed to the date that receipt of the request was acknowledged by the CIA). Commonly this equates to the date that the first search is completed by any CIA component, but under no circumstances will it be before the first search is performed. Tasking a

component to perform a search does not meet the requirement of "performing" the search.

32. As twenty working days have elapsed without a substantive determination by CIA, Sack has exhausted all required administrative remedies.

33. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by CIA of said right. Sack has a further legal right under FOIA to the use of a reasonable "cut-off" date by CIA, and a date-of-acceptance-letter cut-off does not satisfy that right.

## FIFTH CAUSE OF ACTION

## (DIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 1)

34. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

35. On 21 November 2010, Sack submitted four FOIA requests by four separate emails to DIA.

36. On 22 November 2010, Steve W., a DIA representative, replied to the first of Sack's four emails (which is not part of this litigation) and requested a mailing address, which she provided.

37. Sack's second email requested a list of closed Inspector General investigations and reports.

38. Other than Steve W.'s initial email, DIA has not provided Sack with an acknowledgement of any of these requests. DIA has not responded to multiple requests for the request numbers it assigned to these requests.

39. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

40. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## SIXTH CAUSE OF ACTION

### (DIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 2)

41. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

42. Sack's third email sent to DIA on 21 November 2010 requested a bibliography of National Center for Credibility Assessment ("NCCA") reports pertaining to polygraphs.

43. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

44. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## SEVENTH CAUSE OF ACTION

### (DIA – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 3)

45. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

46. Sack's fourth email sent to DIA on 21 November 2010 requested a list of reports written by Gordon Barland and a copy of each report.

47. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

48.     Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## EIGHTH CAUSE OF ACTION

## (DIA – CONSTRUCTIVE RECORDS DENIAL – 0404-2011)

49.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

50.     On 5 July 2011, Sack submitted to DIA a FOIA/PA request for all records referencing FOIA requests submitted by her.

51.     On 13 July 2011, DIA acknowledged receipt of this request and assigned it Request No. 0404-2011.

52.     As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

53.     Sack has a legal right under FOIA/PA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## NINTH CAUSE OF ACTION

## (DIA – CONSTRUCTIVE RECORDS DENIAL – 0468-2011)

54.     Sack repeats and realleges the allegations contained in all paragraphs set forth above.

55.     On 26 August 2011, Sack submitted to DIA a FOIA request for all course materials for six NCCA courses.

56.     On 9 September 2011, DIA acknowledged receipt of this request and assigned it Request No. 0468-2011.

57. As twenty working days have elapsed without a substantive determination by DIA, Sack has exhausted all required administrative remedies.

58. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DIA of said right.

## TENTH CAUSE OF ACTION

## (DODIG – FEE CATEGORY DENIAL – 12-00034-F)

59. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

60. On 24 October 2011, Sack submitted to DODIG a FOIA request for all records relating to the use of polygraphs by DOD components. Sack requested classification as a representative of an educational institution and a public interest fee waiver.

61. On 1 November 2011, DODIG acknowledged receipt of this request and assigned it Request No. 12-00034-F. In this letter, DODIG denied Sack's requests for classification as a representative of an educational institution and a public interest fee waiver.

62. On 2 November 2011, Sack appealed DODIG's placement of her into the "all other" fee category.

63. As twenty working days have elapsed without a substantive determination by DODIG, Sack has exhausted all required administrative remedies.

64. Sack has a legal right under FOIA to be considered a representative of an educational institution, and there is no legal basis for the denial by DODIG of said right.

## ELEVENTH CAUSE OF ACTION

## (DODIG – FEE WAIVER DENIAL – 12-00034-F)

65. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

66. On 2 November 2011, Sack appealed DODIG's denial of her request for a public interest fee waiver.

67. As twenty working days have elapsed without a substantive determination by DODIG, Sack has exhausted all required administrative remedies.

68. Sack has a legal right under FOIA to receive a public interest fee waiver, and there is no legal basis for the denial by DODIG of said right.

## TWELFTH CAUSE OF ACTION

## (DODIG – CONSTRUCTIVE RECORDS DENIAL – 12-00034-F)

69. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

70. DODIG has not issued a final response to Sack's request.

71. As twenty working days have elapsed without a substantive determination by DODIG, Sack has exhausted all required administrative remedies.

72. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by DODIG of said right.

## THIRTEENTH CAUSE OF ACTION

## (USAF – CONSTRUCTIVE RECORDS DENIAL – 2012-01244-F)

73. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

74. On 28 December 2011, Sack submitted to USAF a FOIA request for previously released records pertaining to the Air Force Polygraph Program in Iraq.

75. On 28 December 2011, USAF acknowledged receipt of this request and assigned it Request No. 2012-01244-F.

76. As twenty working days have elapsed without a substantive determination by USAF, Sack has exhausted all required administrative remedies.

77. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by USAF of said right.

## FOURTEENTH CAUSE OF ACTION

## (OIP – CONSTRUCTIVE RECORDS DENIAL – 11-00921)

78. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

79. On 5 July 2011, Sack submitted to OIP a FOIA/PA request for all records referencing FOIA appeals submitted by her.

80. On 28 July 2011, OIP acknowledged receipt of this request and assigned it Request No. 11-00921.

81. As twenty working days have elapsed without a substantive determination by OIP, Sack has exhausted all required administrative remedies.

82. Sack has a legal right under FOIA/PA to obtain the information she seeks, and there is no legal basis for the denial by OIP of said right.

## FIFTEENTH CAUSE OF ACTION

## (OLC – CONSTRUCTIVE RECORDS DENIAL – FY11-57)

83. Sack repeats and realleges the allegations contained in all paragraphs set forth above.

84. On 5 July 2011, Sack submitted to OLC a FOIA request for all records relating to polygraphs.

85. On 12 July 2011, OLC acknowledged receipt of this request and assigned it Request No. FY11-57.

86. As twenty working days have elapsed without a substantive determination by OLC, Sack has exhausted all required administrative remedies.

87. Sack has a legal right under FOIA to obtain the information she seeks, and there is no legal basis for the denial by OLC of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Katelyn Sack prays that this Court:

(1) Order the Department of Defense to classify Sack as a representative of an educational institution;

(2) Order DOD to grant Sack's request for a public interest fee waiver;

(3) Order the Central Intelligence Agency, DOD, and the Department of Justice to provide all responsive records to Sack as soon as practicable;

(4) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(5) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 552a(g)(2)(A), 28 U.S.C. § 2412(d), or any other applicable law;

(6)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(7)     Grant such other relief as the Court may deem just and proper.

Date:   February 14, 2012

                                       Respectfully submitted,

                                       /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*