# EXHIBITS TO CIA DECL.

# EXHIBIT A

Delores M. Nelson
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

    Re: FOIA request on list of closed IG reports

Dear Ms. Nelson:

This is a request under the Freedom of Information Act, 5 U.S.C. § 552, et seq., for copies
of all Central Intelligence Agency ("CIA") records in the following category:

CIA documents pertaining in whole or in part (all years, all classifications) to a list of
closed Inspector General investigations and reports.

If you deny all or part of this request, please cite the specific exemptions you believe
justify your refusal to release the information or permit the review and notify me of your
appeal procedures available under the law. In excising material, please "black out" rather
than "white out" or "cut out." Please release all reasonably segregable material.

I request a fee waiver on three grounds:

(1) As an independent film-maker, I desire the requested information to include in my
documentary on polygraphs. As art, investigative journalism, and translational science,
this project qualifies the related FOIA request for fee exempt status. Since I have no
distributor, the documentary is not a commercial activity any more than my putting music
on Youtube or poetry on *The Science Creative Quarterly* is a commercial activity.

(2) As an independent writer, I desire the requested information for presenting this
information in journalistic form. My publishing history demonstrates a solid basis for
expecting publication through an organization which is organized and operated to public
and broadcast news to the American public, to enhance the public understanding of the
operations or activities of the U.S. Government. My recent writing and art has appeared or
is forthcoming in *The Morning News,* the *South Carolina Review, The Christian Science
Monitor,* the *New York Quarterly, Borderlands: Texas Poetry Review,* the *UK Guardian,
Timothy McSweeney's Internet Tendency, The Science Creative Quarterly, Yankee Pot
Roast, Demockeracy, Six Sentences, Thieves Jargon, Null Hypothesis, Word Riot, Divine
Revolution Magazine, Opium Magazine, The Journal of Recreational Mathematics,
Thema, Feathertale, Amalgam, Monkeybicycle, The Binnacle, The Georgetown Review,*
and elsewhere.

(3) As a President's Fellow and PhD student in Politics at the University of Virginia, I am
engaged in non-commercial educational and scientific research pertaining to polygraphs,
polygraphers, and related industries, programs, and topics. I need the information I have
requested in this capacity, as well as in the above capacities. The information requested

NOV 30 2010

UNCLASSIFIED

*Kathryn L. Sack,*
*Page 2/2*

will vitally inform my research, which will contribute to the advancement of public knowledge regarding federal polygraph programs.

Thus in my capacity as an artist, journalist, graduate student, and researcher, I reiterate my request for a fee waiver on the multiple grounds outlined above.

Please do not hesitate to contact me by phone (■■■■■) or email (■■■■■■) with any questions.  Thank you for your time and consideration.

Sincerely,

Katelyn Sack

# EXHIBIT B

Central Intelligence Agency



Washington, D.C. 20505

7 February 2011

Ms. Katelyn Sack



Reference:  F-2011-00389

Dear Ms. Sack:

On 30 November 2010, the office of the Information and Privacy Coordinator received your undated Freedom of Information Act (FOIA) request for copies of "CIA documents pertaining in whole or in part (all years, all classifications) to a list of closed Inspector General investigations and reports."

We cannot accept your FOIA request in its current form because it would require the Agency to perform an unreasonably burdensome search.  The FOIA requires requesters to "reasonably describe" the information they seek so that professional employees familiar with the subject matter can locate responsive information with a reasonable amount of effort.  Because of the breadth of your request, and the way in which our records systems are configured, the Agency cannot conduct a reasonable search for information responsive to your request.  We encourage you to refine the scope of your request (such as a more narrow time frame for the information you seek) to enable us to conduct a reasonable search for responsive information.

Sincerely,

Susan Viscuso
Information and Privacy Coordinator

# EXHIBIT C

C05705708 UNCLASSIFIED

F-2011-01757

# NATIONAL SECURITY COUNSELORS

1200 SOUTH COURTHOUSE ROAD
SUITE 124
ARLINGTON, VA 22204

TELEPHONE: (301) 728-5908
FACSIMILE: (240) 681-2189

KEL McCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in NY, DC)
EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in IL, DC)
EMAIL: BRAD@NATIONALSECURITYLAW.ORG

5 July 2011

Susan Viscuso
Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

Re:   FOIA/PA Request – Request Processing Notes

Dear Ms. Viscuso:

This is a request on behalf of my client Katelyn Sack under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *et seq.*, and the Privacy Act, 5 U.S.C. § 552a, *et seq.*, for copies of **all Central Intelligence Agency ("CIA") records referencing FOIA, Privacy Act, or Mandatory Declassification Review requests submitted by her, including, *but not limited to*, Req. Nos. F-2010-00048, F-2011-00389, F-2011-00798, F-2011-00799, and F-2011-00800, that contain remarks, comments, notes, explanations, etc. made by CIA personnel or contractors about the processing of these requests (and appeals, if appropriate), the invocation of exemptions, or related matters.** This is to include any analysts' notes made during the processing of the requests, any standard worksheets completed by the analysts, any justifications for exemption invocations or other supporting documentation provided to the Appeals Authority, and any correspondence referencing the requests, including tasking orders, emails, and coordination documentation. This request does *not* include any correspondence exchanged between the CIA and Ms. Sack, unless that correspondence contains notes or comments that were not included in the version sent to her. Nor does it include any records that were themselves responsive to any of Ms. Sack's previous requests. Ms. Sack is to be considered the only requester for your administrative purposes; National Security Counselors is *not* to be considered a requester. I have attached a signed authorization form to this effect.

When processing this request, please note that the DC Circuit has previously held that agencies have a duty to construe the subject material of FOIA requests *liberally* to ensure responsive records are not overlooked. *See Nation Magazine, Washington Bureau v. U.S. Customs Service,* 71 F.3d 885, 890 (D.C. Cir. 1995). Accordingly, you are hereby instructed that the term "record" includes, *but is not limited to*: 1) all email communications to or from any individual within your agency; 2) memoranda; 3) inter-agency communications; 4) sound recordings; 5) tape recordings; 6) video or film recordings; 7) photographs; 8) notes; 9) notebooks; 10) indices; 11) jottings; 12) message slips; 13) letters or correspondence; 14)

UNCLASSIFIED

telexes; 15) telegrams; 16) facsimile transmissions; 17) statements: 18) policies; 19) manuals or binders; 20) books; 21) handbooks; 22) business records; 23) personnel records; 24) ledgers; 25) notices; 26) warnings; 27) affidavits; 28) declarations under penalty of perjury; 29) unsworn statements; 30) reports; 31) diaries; or 32) calendars. regardless of whether they are handwritten, printed, typed, mechanically or electronically recorded or reproduced on any medium capable of conveying an image, such as paper, CDs, DVDs, or diskettes. Furthermore, in line with the guidance issued by the Department of Justice on 9 September 2008 to all federal agencies with records subject to FOIA, agency records that are currently in the possession of a U.S. Government contractor for purposes of records management remain subject to FOIA. Please ensure that your search complies with this clarification on the effect of Section 9 of the OPEN Government Act of 2007 of the definition of a "record" for purposes of FOIA. In addition, CIA should not limit the search to CIA-originated records or exclude correspondence sent to outside third parties. Similarly, we request that all documents be reviewed in their entirety, and that no information be omitted on the grounds of "non-relevance."

If you deny all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information or permit the review and notify us of your appeal procedures available under the law. In excising material, please "black out" rather than "white out" or "cut out." In addition, we draw your attention to President Obama's 21 January 2009 *Memorandum for the Heads of Executive Departments and Agencies*, directing federal agencies to adopt a presumption in favor of disclosure and stating that government information should not be kept confidential "merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears." To permit us to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description should include a list of the withheld documents, pursuant to *Shermco Indus. v. Sec'y of the U.S. Air Force*, 452 F. Supp. 306, 317 n.7 (N.D. Tx. 1978) ("A person cannot effectively appeal a decision about the releasability of documents . . . if he is not informed of at least a list of the documents to which he was denied access . . . and why those decisions were made. Denial of this information would in all likelihood be a violation of due process as well as effectively gutting the reasons for applying the exhaustion doctrine in FOIA cases.").

Ms. Sack is a representative of an educational institution. She is a Ph.D. candidate and President's Fellow at the University of Virginia, Woodrow Wilson Department of Politics. She intends to utilize any responsive records in her research into polygraph bias and present her results in a publicly available form. Her Department has stipulated that she is to be treated as a representative of the university. I have attached a letter to that effect.

Because of the low number of responsive records Ms. Sack expects you to find in your search, she does not expect that a request for a public interest fee waiver is called for at this time. If you find that you will be releasing more than 100 pages of responsive records, please contact me and I will provide you with an appropriate fee waiver request at that time.

I also specifically state for the record Ms. Sack's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further

confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation. This statement is a full and unequivocal refusal to pay *any* fees for this request.

Please ensure that, in accordance with the DC Circuit's ruling in *Chambers v. Dep't of theInterior*, 568 F.3d 998 (D.C. Cir. 2009), all records potentially responsive to this FOIA request are immediately preserved from destruction until the final resolution of this FOIA action. Destruction of potentially responsive records after the receipt of a FOIA request is considered "contumacious conduct" by the DC Circuit. *See id.* at 1004.

The CIA is required by law to respond to this request within 20 working days. Failure to timely comply may result in the filing of a civil action against your agency in a United States District Court.

Please provide any records produced in response to this request in electronic (soft-copy) form. Please provide soft-copy records by email or on a CD if email is not feasible. However, Ms. Sack does not agree to pay an additional fee to receive records on a CD, and in the instance that such a fee is required, she will accept a paper copy of responsive records.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan

## AUTHORIZATION AND PRIVACY WAIVER

I, Katelyn Sack, hereby authorize the law firm National Security Counselors and any attorney associated with it (collectively "my attorneys") to file Freedom of Information Act ("FOIA") requests on my behalf with any agency of the United States government. I also authorize any agency of the United States government to discuss any FOIA requests filed by me or on my behalf (collectively "my requests") with my attorneys. A release to my attorneys shall be considered the legal equivalent of a release to me. A photocopy of this authorization shall have the same effect as the original.

I do solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true to the best of my knowledge.

_Katelyn Sack_
Katelyn Sack

_05-18-2011_
Date

To: Susan Viscuso    Page 5 of 5          2011-07-03 10:04:55 (GMT)        Natl Sec. Counselors  From: Kel McClanahan



# UNIVERSITY *of* VIRGINIA

WOODROW WILSON DEPARTMENT OF POLITICS
P.O. Box 400787
Charlottesville, VA 22904-4787
☎ 434 924 3192 (*fax*: 434 924 3359)

JEFFERY A. JENKINS
*Associate Professor & Director of Graduate Studies*
*Office Location:* Gibson Hall S 261
*Email:* jaj7d@virginia.edu

June 30, 2011

     Re:  Fee category verification and fee waiver request support

To Whom It May Concern:

This letter verifies that Katelyn Sack's FOIA request to which it is attached falls into the "academic" fee category.  Ms. Sack is a Ph.D. student and President's Fellow in Politics at the University of Virginia.  She intends to review, evaluate, synthesize, and present the requested data, analyses, policies, protocols, and practices in a publically available, usable form  This intention is consistent with U.Va.'s scholarly research goals.

The University of Virginia Politics Department is an institution of graduate higher education which operates programs of scholarly research.  Ms. Sack's request is on behalf of this institution, one of the primary aims of which is to explain contemporary political developments in a broad philosophical and historical context that sheds light on the long-term development of institutional structures that shape political behavior norms and public policies.  Ms. Sack is acting as a representative of the University of Virginia Department of Politics, and you may consider the Department to be the requester for purposes of fee calculations.

This letter also supports Ms. Sack's request for a fee waiver, on the grounds that disclosure of the requested information will significantly contribute to public understanding of government operations and activities.  Ms. Sack's graduate training qualifies her to extract, synthesize, and effectively convey the requested information to the public.  Her research is of interest to the public at large, because bias in polygraphs is an under-explored phenomenon that affects millions of Americans.

Sincerely,

Jeffery A. Jenkins

# EXHIBIT D

Central Intelligence Agency



Washington, D.C. 20505

11 August 2011

Ms. Katelyn Sack
c/o National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA 22204

Reference:  F-2011-01757

Dear Ms. Sack:

On 5 July 2011, the office of the Information and Privacy Coordinator received your 5 July 2011 Freedom of Information Act (FOIA) request for:

**"all Central Intelligence Agency ('CIA') records referencing FOIA, Privacy Act, or Mandatory Declassification Review requests submitted by her, including, *but not limited* to, Req. Nos. F-2010-00048, F2011-00389, F-2011-00798, F-2011-00799 and F-2011-00800, that contain remarks, comments, notes, explanations, etc. made by CIA personnel or contractors about the processing of these requests (and appeals, if appropriate), the invocation of exemptions, or related matters."**

We have assigned your request the reference number above.  Please use this number when corresponding so that we can identify it easily.

The CIA Information Act, 50 U.S.C. § 431, as amended, exempts CIA operational files from the search, review, publication, and disclosure requirements of the FOIA.  To the extent your request seeks information that is subject to the FOIA, we accept your request and will process it in accordance with the FOIA, 5 U.S.C. § 552, as amended, and the CIA Information Act.  We will search for records existing through the date of this acceptance letter. In addition, per your request, "This request does not include any correspondence exchanged between the CIA and Ms. Sack." "Nor does it include any records that were themselves responsive to any of Ms. Sack's previous requests."  As a matter of administrative discretion, and in accordance with our regulations, the Agency has waived the fees for this request.

The large number of FOIA requests CIA receives has created unavoidable delays making it unlikely that we can respond within the 20 working days the FOIA requires. You have the right to consider our honest appraisal as a denial of your request and you may appeal to the Agency Release Panel. A more practical approach would permit us to continue processing your request and respond to you as soon as we can. You will retain your appeal rights and, once you receive the results of our search, can appeal at that time if you wish. We will proceed on that basis unless you object.

Sincerely,

Susan Viscuso
Information and Privacy Coordinator

# EXHIBIT E

Central Intelligence Agency



Washington, D.C. 20505

6 June 2012

Ms. Katelyn Sack
c/o National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA 22204

Reference: F-2011-01757

Dear Ms. Sack:

This is a final response to your 5 July 2011 Freedom of Information Act (FOIA) request for:

**"all Central Intelligence Agency ('CIA') records referencing FOIA, Privacy Act, or
Mandatory Declassification Review requests submitted by her, including, *but not
limited* to, Req. Nos. F-2010-00048, F-2011-00389, F-2011-00798, F-2011-00799 and
F-2011-00800, that contain remarks, comments, notes, explanations, etc. made by
CIA personnel or contractors about the processing of these requests (and appeals, if
appropriate), the invocation of exemptions, or related matters."**

We processed your request in accordance with the FOIA, 5 U.S.C. § 552, as amended, and the CIA
Information Act, 50 U.S.C. § 431, as amended. Our processing included a search for records as described
in our 11 August 2011 acceptance letter existing through the date of search, which was 26 April 2012.

We completed a thorough search for records responsive to your request and located 43
documents, 15 of which can be released in segregable form with deletions made on the basis of FOIA
exemption (b)(1), (b)(3) and/or (b)(5). In addition, it has been determined that 28 documents must be
denied in their entirety on the basis of FOIA exemption (b)(3) and (b)(5). Copies of the releasable
documents and an explanation of exemptions are enclosed at Tab A.

As the CIA Information and Privacy Coordinator, I am the CIA official responsible for this
determination. You have the right to appeal this response to the Agency Release Panel, in my care,
within 45 days from the date of this letter. If you choose to do so, please include the basis of your appeal.
Please note that no appeal shall be accepted for this determination if the information in question is the
subject of pending federal litigation. *See* 32. C.F.R. 1900.42(c).

Sincerely,

*Michele Meeks*

Michele Meeks
Information and Privacy Coordinator

Enclosures

# EXHIBIT F

UNCLASSIFIED

*F-2011-01778*

# NATIONAL SECURITY COUNSELORS

1200 SOUTH COURTHOUSE ROAD
SUITE 124
ARLINGTON, VA 22204

TELEPHONE: (301) 728-5908
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in NY, DC)
    EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in IL, DC)
    EMAIL: BRAD@NATIONALSECURITYLAW.ORG

5 July 2011

Susan Viscuso
Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

Re:   FOIA Request – SSCI Report, Recommendation No. 17

Dear Ms. Viscuso:

On 1 November 1994, the Senate Select Committee on Intelligence published its report on the Aldrich Ames investigation. *See* "An Assessment of the Aldrich H. Ames Espionage Case and Its Implications for U.S. Intelligence," *Staff Report*, Select Committee on Intelligence, U.S. Senate, 103d Cong., 2d Sess. (November 1, 1994) [hereinafter "SSCI Report"]. This is a request on behalf of my client Katelyn Sack under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for a copy of **all Central Intelligence Agency ("CIA") records in the following categories:**

1.   **All records pertaining to changes made since 1994 in "the policies applicable to the training, supervision, and performance appraisal of polygraph examiners to ensure that polygraph examinations are conducted in a professional manner and produce optimum results," in keeping with Recommendation No. 17 of the SSCI Report;**

2.   **All current "policies applicable to the training, supervision, and performance appraisal of polygraph examiners to ensure that polygraph examinations are conducted in a professional manner and produce optimum results," regardless of whether or not the records discuss actual or proposed policy changes; and**

3.   **Any other records pertaining to Recommendation No. 17 of the SSCI Report.**

Ms. Sack is to be considered the only requester for your administrative purposes; National Security Counselors is *not* to be considered a requester. I have attached a signed authorization form to this effect.

When processing this request, please note that the DC Circuit has previously held that agencies have a duty to construe the subject material of FOIA requests *liberally* to ensure responsive records are not overlooked. *See Nation Magazine, Washington Bureau v. U.S. Customs Service*, 71 F.3d 885, 890 (D.C. Cir. 1995). Accordingly, you are hereby instructed that the term "record" includes, *but is not limited to:* 1) all email communications to or from any individual within your agency; 2) memoranda; 3) inter-agency communications; 4) sound recordings; 5) tape recordings; 6) video or film recordings; 7) photographs; 8) notes; 9) notebooks; 10) indices; 11) jottings; 12) message slips; 13) letters or correspondence; 14) telexes; 15) telegrams; 16) facsimile transmissions; 17) statements; 18) policies; 19) manuals or binders; 20) books; 21) handbooks; 22) business records; 23) personnel records; 24) ledgers; 25) notices; 26) warnings; 27) affidavits; 28) declarations under penalty of perjury; 29) unsworn statements; 30) reports; 31) diaries; or 32) calendars, regardless of whether they are handwritten, printed, typed, mechanically or electronically recorded or reproduced on any medium capable of conveying an image, such as paper, CDs, DVDs, or diskettes. Furthermore, in line with the guidance issued by the Department of Justice on 9 September 2008 to all federal agencies with records subject to FOIA, agency records that are currently in the possession of a U.S. Government contractor for purposes of records management remain subject to FOIA. Please ensure that your search complies with this clarification on the effect of Section 9 of the OPEN Government Act of 2007 of the definition of a "record" for purposes of FOIA. In addition, the CIA should not limit the search to CIA-originated records or exclude correspondence sent to outside third parties. Similarly, we request that all documents be reviewed in their entirety, and that no information be omitted on the grounds of "non-relevance." Finally, please consider this letter an affirmative rejection of any limitation of your search to records created prior to the date of this request. To the contrary, we stipulate that this search should be restricted to records created prior to the date of the first substantive review of this request by CIA FOIA personnel (as opposed to the date that receipt of the request was acknowledged by the CIA).

Lastly, the CIA is specifically prohibited from adopting an overbroad interpretation of the terms "pertaining to," "relating to," or "related to" with respect to the scope of this request; an interpretation that "a request for all documents 'relating to' a subject is overbroad because all documents 'relate to' others in some remote fashion" is specifically rejected. Therefore, in conclusion, the CIA is hereby instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought. If, even given these restrictions, the CIA still determines that this request does not reasonably describe the records sought, it is instructed to contact NSC pursuant to 32 C.F.R. § 1900.12(c) to discuss reformulation of the request before rejecting the request as overbroad, vague, or unduly burdensome.

If you deny all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information or permit the review and notify us of your appeal procedures available under the law. In excising material, please "black out" rather than "white out" or "cut out." In addition, we draw your attention to President Obama's 21 January 2009 *Memorandum for the Heads of Executive Departments and Agencies*, directing federal agencies to adopt a presumption in favor of disclosure and stating that government information should not be kept confidential "merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears." To

C05705881 Case 1:12-cv-00244-EGS   Document 14-5   Filed 05/03/13   Page 20 of 39
To: Susan Viscuso    Page 9 of 18                    2011-07-03 21:46:46 (GMT)                    Natl Sec. Counselors  From: Kel McClanahan

UNCLASSIFIED

permit us to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description should include a list of the withheld documents, pursuant to *Shermco Indus. v. Sec'y of the U.S. Air Force*, 452 F. Supp. 306, 317 n.7 (N.D. Tx. 1978) ("A person cannot effectively appeal a decision about the releasability of documents . . . if he is not informed of at least a list of the documents to which he was denied access . . . and why those decisions were made. Denial of this information would in all likelihood be a violation of due process as well as effectively gutting the reasons for applying the exhaustion doctrine in FOIA cases.").

Ms. Sack is a representative of an educational institution. She is a Ph.D. candidate and President's Fellow at the University of Virginia, Woodrow Wilson Department of Politics. She intends to utilize any responsive records in her research into polygraph bias and present her results in a publicly available form. Her Department has stipulated that she is to be treated as a representative of the university. I have attached a letter to that effect.

Ms. Sack is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Her research is of interest to the public at large, because bias in polygraphs is an under-explored phenomenon that potentially affects millions of Americans. Experts estimate that close to 2.5 million polygraph exams are administered annually in the United States. In the FBI alone, the number of polygraph exams conducted solely in connection with pre-employment and employee security screenings rose nearly 750% from 2002 to 2005. By late 2009, 15% of U.S. Customs and Border Protection ("CBP") applicants were polygraphed, an increase of almost 10% from the previous year. CBP polygraph failure rate estimates range from 60% to 99.7%, or 340 of 341. The Anti-Border Corruption Act of 2010 mandated that by 2013, all CBP applicants be tested before hiring. There is also an expanding formal and informal global network of U.S. polygraph training and equipment recipients. Formally, the United States exports polygraph training and equipment as part of U.S.-sponsored anti-corruption programs such as Plan Colombia, the Mérida Initiative in Mexico, and others in the Bahamas, Bolivia, Guatemala, Honduras, and Iraq. Informally, the United States exports polygraph training and expertise to strategic allies, as in the cases of Singapore, South Korea, Japan, Australia, and Taiwan. Despite the prevalence of polygraphy inside and outside the federal government, little research is publicly available regarding bias, a vacuum which Ms. Sack intends to fill through her research. Her graduate training qualifies her to extract, synthesize, and effectively convey the requested information to the public in a form which would significantly contribute to the public's understanding of the government's use of polygraphy.

I also specifically state for the record Ms. Sack's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation. This statement is a full and unequivocal refusal to pay *any* fees for this request.

Please ensure that, in accordance with the DC Circuit's ruling in *Chambers v. Dep't of theInterior*, 568 F.3d 998 (D.C. Cir. 2009), all records potentially responsive to this FOIA

request are immediately preserved from destruction until the final resolution of this FOIA action. Destruction of potentially responsive records after the receipt of a FOIA request is considered "contumacious conduct" by the DC Circuit. *See id.* at 1004.

The CIA is required by law to respond to this request within 20 working days. Failure to timely comply may result in the filing of a civil action against your agency in a United States District Court.

Please provide any records produced in response to this request in electronic (soft-copy) form. Please provide soft-copy records by email or on a CD if email is not feasible. However, Ms. Sack does not agree to pay an additional fee to receive records on a CD, and in the instance that such a fee is required, she will accept a paper copy of responsive records.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan

C05705888

## AUTHORIZATION AND PRIVACY WAIVER

I, Katelyn Sack, hereby authorize the law firm National Security Counselors and any attorney associated with it (collectively "my attorneys") to file Freedom of Information Act ("FOIA") requests on my behalf with any agency of the United States government. I also authorize any agency of the United States government to discuss any FOIA requests filed by me or on my behalf (collectively "my requests") with my attorneys. A release to my attorneys shall be considered the legal equivalent of a release to me. A photocopy of this authorization shall have the same effect as the original.

I do solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true to the best of my knowledge.

*Katef Sa*
Katelyn Sack

UNCLASSIFIED

05-18-2011
Date

## AUTHORIZATION AND PRIVACY WAIVER

I, Katelyn Sack, hereby authorize the law firm National Security Counselors and any attorney associated with it (collectively "my attorneys") to file Freedom of Information Act ("FOIA") requests on my behalf with any agency of the United States government. I also authorize any agency of the United States government to discuss any FOIA requests filed by me or on my behalf (collectively "my requests") with my attorneys. A release to my attorneys shall be considered the legal equivalent of a release to me. A photocopy of this authorization shall have the same effect as the original.

I do solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true to the best of my knowledge.

_Katelyn Sack_
Katelyn Sack

_05-18-2011_
Date

UNCLASSIFIED

# UNIVERSITY *of* VIRGINIA

WOODROW WILSON DEPARTMENT OF POLITICS
P.O. Box 400787
Charlottesville, VA 22904-4787
☎ 434 924 3192 (*fax*: 434 924 3359)

JEFFERY A. JENKINS
*Associate Professor & Director of Graduate Studies*
*Office Location:* Gibson Hall S 261
*Email:* jaj7d@virginia.edu

June 30, 2011

Re: Fee category verification and fee waiver request support

To Whom It May Concern:

This letter verifies that Katelyn Sack's FOIA request to which it is attached falls into the "academic" fee category. Ms. Sack is a Ph.D. student and President's Fellow in Politics at the University of Virginia. She intends to review, evaluate, synthesize, and present the requested data, analyses, policies, protocols, and practices in a publically available, usable form. This intention is consistent with U.Va.'s scholarly research goals.

The University of Virginia Politics Department is an institution of graduate higher education which operates programs of scholarly research. Ms. Sack's request is on behalf of this institution, one of the primary aims of which is to explain contemporary political developments in a broad philosophical and historical context that sheds light on the long-term development of institutional structures that shape political behavior norms and public policies. Ms. Sack is acting as a representative of the University of Virginia Department of Politics, and you may consider the Department to be the requester for purposes of fee calculations.

This letter also supports Ms. Sack's request for a fee waiver, on the grounds that disclosure of the requested information will significantly contribute to public understanding of government operations and activities. Ms. Sack's graduate training qualifies her to extract, synthesize, and effectively convey the requested information to the public. Her research is of interest to the public at large, because bias in polygraphs is an under-explored phenomenon that affects millions of Americans.

Sincerely,

Jeffery A. Jenkins

# EXHIBIT G

Central Intelligence Agency



Washington, D.C. 20505

26 July 2012

Ms. Katelyn Sack
c/o National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA 22204

Reference: F-2011-01778

Dear Ms. Sack:

This is a final response to your 5 July 2011 Freedom of Information Act (FOIA) request
for:

1. **"All records pertaining to changes made since 1994 in 'the policies applicable to
the training, supervision, and performance appraisal of polygraph examiners to
ensure that polygraph examinations are conducted in a professional manner and
produce optimum results,' in keeping with Recommendation No. 17 of the SSCI
Report;"**

2. **"All current 'policies applicable to the training, supervision, and performance
appraisal of polygraph examiners to ensure that polygraph examinations are
conducted in a professional manner and produce optimum results,' regardless of
whether or not the records discuss actual or proposed policy changes; and"**

3. **"Any other records pertaining to Recommendation No. 17 of the SSCI Report."**

We processed your request in accordance with the FOIA, 5 U.S.C. § 552, as amended, and the
CIA Information Act, 50 U.S.C. § 431, as amended. Our processing included a search for
records as described in our 11 August 2011 acceptance letter existing through the date of search,
which was 15 March 2012.

We completed a thorough search for records responsive to your request and located nine
documents, seven of which can be released in segregable form with deletions made on the basis
of FOIA exemption (b)(1), (b)(3) and/or (b)(6). In addition, it has been determined that two
documents must be denied in their entirety on the basis of FOIA exemption (b)(3) and (b)(5).
Copies of the releasable documents and an explanation of exemptions are enclosed at Tab A.

As the CIA Information and Privacy Coordinator, I am the CIA official responsible for this determination. You have the right to appeal this response to the Agency Release Panel, in my care, within 45 days from the date of this letter. If you choose to do so, please include the basis of your appeal. Please note that no appeal shall be accepted for this determination if the information in question is the subject of pending federal litigation. *See* 32. C.F.R. 1900.42(c).

Sincerely,

Michele Meeks
Information and Privacy Coordinator

Enclosures

# EXHIBIT H

*F-2011-01779*

# NATIONAL SECURITY COUNSELORS

1200 SOUTH COURTHOUSE ROAD
SUITE 124
ARLINGTON, VA 22204

TELEPHONE: (301) 728-5908
FACSIMILE: (240) 681-2189

KEL MC CLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in NY, DC)
    EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in IL, DC)
    EMAIL: BRAD@NATIONALSECURITYLAW.ORG

5 July 2011

Susan Viscuso
Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505

Re:     FOIA Request – SSCI Report, Recommendation No. 18

Dear Ms. Viscuso:

On 1 November 1994, the Senate Select Committee on Intelligence published its report on the Aldrich Ames investigation. *See* "An Assessment of the Aldrich H. Ames Espionage Case and Its Implications for U.S. Intelligence," *Staff Report*, Select Committee on Intelligence, U.S. Senate, 103d Cong., 2d Sess. (November 1, 1994) [hereinafter "SSCI Report"]. This is a request on behalf of my client Katelyn Sack under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for a copy of **all Central Intelligence Agency ("CIA") records in the following categories:**

1.    **All records pertaining to "[evaluations] of the polygraph as a part of CIA's security program" since 1994, in keeping with Recommendation No. 18 of the SSCI Report;**

2.    **All records pertaining to polygraph reliability and validity with respect to deception detection;**

3.    **All records pertaining to the polygraph's relation to other aspects of the security process, such as background investigations, financial and supervisory reporting, and psychological testing;**

4.    **All records pertaining to the use of inconclusive test results, especially (*but not limited to*) situations in which there are no damaging admissions;**

5.    **All records pertaining to the use of deceptive polygraph results in the absence of damaging admissions; and**

6.    **Any other records pertaining to Recommendation No. 18 of the SSCI Report.**

JUL 0 5 2011

Ms. Sack is to be considered the only requester for your administrative purposes; National Security Counselors is *not* to be considered a requester. I have attached a signed authorization form to this effect.

When processing this request, please note that the DC Circuit has previously held that agencies have a duty to construe the subject material of FOIA requests *liberally* to ensure responsive records are not overlooked. *See Nation Magazine, Washington Bureau v. U.S. Customs Service*, 71 F.3d 885, 890 (D.C. Cir. 1995). Accordingly, you are hereby instructed that the term "record" includes, *but is not limited to*: 1) all email communications to or from any individual within your agency; 2) memoranda; 3) inter-agency communications; 4) sound recordings; 5) tape recordings; 6) video or film recordings; 7) photographs; 8) notes; 9) notebooks; 10) indices; 11) jottings; 12) message slips; 13) letters or correspondence; 14) telexes; 15) telegrams; 16) facsimile transmissions; 17) statements; 18) policies; 19) manuals or binders; 20) books; 21) handbooks; 22) business records; 23) personnel records; 24) ledgers; 25) notices; 26) warnings; 27) affidavits; 28) declarations under penalty of perjury; 29) unsworn statements; 30) reports; 31) diaries; or 32) calendars, regardless of whether they are handwritten, printed, typed, mechanically or electronically recorded or reproduced on any medium capable of conveying an image, such as paper, CDs, DVDs, or diskettes. Furthermore, in line with the guidance issued by the Department of Justice on 9 September 2008 to all federal agencies with records subject to FOIA, agency records that are currently in the possession of a U.S. Government contractor for purposes of records management remain subject to FOIA. Please ensure that your search complies with this clarification on the effect of Section 9 of the OPEN Government Act of 2007 of the definition of a "record" for purposes of FOIA. In addition, the CIA should not limit the search to CIA-originated records or exclude correspondence sent to outside third parties. Similarly, we request that all documents be reviewed in their entirety, and that no information be omitted on the grounds of "non-relevance." Finally, please consider this letter an affirmative rejection of any limitation of your search to records created prior to the date of this request. To the contrary, we stipulate that this search should be restricted to records created prior to the date of the first substantive review of this request by CIA FOIA personnel (as opposed to the date that receipt of the request was acknowledged by the CIA).

Lastly, the CIA is specifically prohibited from adopting an overbroad interpretation of the terms "pertaining to," "relating to," or "related to" with respect to the scope of this request; an interpretation that "a request for all documents 'relating to' a subject is overbroad because all documents 'relate to' others in some remote fashion" is specifically rejected. Therefore, in conclusion, the CIA is hereby instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought. If, even given these restrictions, the CIA still determines that this request does not reasonably describe the records sought, it is instructed to contact NSC pursuant to 32 C.F.R. § 1900.12(c) to discuss reformulation of the request before rejecting the request as overbroad, vague, or unduly burdensome.

If you deny all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information or permit the review and notify us of your appeal procedures available under the law. In excising material, please "black out" rather than "white

out" or "cut out." In addition, we draw your attention to President Obama's 21 January 2009 *Memorandum for the Heads of Executive Departments and Agencies*, directing federal agencies to adopt a presumption in favor of disclosure and stating that government information should not be kept confidential "merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears." To permit us to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims. This description should include a list of the withheld documents, pursuant to *Shermco Indus. v. Sec'y of the U.S. Air Force*, 452 F. Supp. 306, 317 n.7 (N.D. Tx. 1978) ("A person cannot effectively appeal a decision about the releasability of documents . . . if he is not informed of at least a list of the documents to which he was denied access . . . and why those decisions were made. Denial of this information would in all likelihood be a violation of due process as well as effectively gutting the reasons for applying the exhaustion doctrine in FOIA cases.").

Ms. Sack is a representative of an educational institution. She is a Ph.D. candidate and President's Fellow at the University of Virginia, Woodrow Wilson Department of Politics. She intends to utilize any responsive records in her research into polygraph bias and present her results in a publicly available form. Her Department has stipulated that she is to be treated as a representative of the university. I have attached a letter to that effect.

Ms. Sack is also requesting a public interest fee waiver. There can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Her research is of interest to the public at large, because bias in polygraphs is an under-explored phenomenon that potentially affects millions of Americans. Experts estimate that close to 2.5 million polygraph exams are administered annually in the United States. In the FBI alone, the number of polygraph exams conducted solely in connection with pre-employment and employee security screenings rose nearly 750% from 2002 to 2005. By late 2009, 15% of U.S. Customs and Border Protection ("CBP") applicants were polygraphed, an increase of almost 10% from the previous year. CBP polygraph failure rate estimates range from 60% to 99.7%, or 340 of 341. The Anti-Border Corruption Act of 2010 mandated that by 2013, all CBP applicants be tested before hiring. There is also an expanding formal and informal global network of U.S. polygraph training and equipment recipients. Formally, the United States exports polygraph training and equipment as part of U.S.-sponsored anti-corruption programs such as Plan Colombia, the Mérida Initiative in Mexico, and others in the Bahamas, Bolivia, Guatemala, Honduras, and Iraq. Informally, the United States exports polygraph training and expertise to strategic allies, as in the cases of Singapore, South Korea, Japan, Australia, and Taiwan. Despite the prevalence of polygraphy inside and outside the federal government, little research is publicly available regarding bias, a vacuum which Ms. Sack intends to fill through her research. Her graduate training qualifies her to extract, synthesize, and effectively convey the requested information to the public in a form which would significantly contribute to the public's understanding of the government's use of polygraphy.

I also specifically state for the record Ms. Sack's unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for

UNCLASSIFIED

failure to provide you with such confirmation.  This statement is a full and unequivocal refusal to pay *any* fees for this request.

Please ensure that, in accordance with the DC Circuit's ruling in *Chambers v. Dep't of the Interior*, 568 F.3d 998 (D.C. Cir. 2009), all records potentially responsive to this FOIA request are immediately preserved from destruction until the final resolution of this FOIA action. Destruction of potentially responsive records after the receipt of a FOIA request is considered "contumacious conduct" by the DC Circuit.  *See id.* at 1004.

The CIA is required by law to respond to this request within 20 working days.  Failure to timely comply may result in the filing of a civil action against your agency in a United States District Court.

Please provide any records produced in response to this request in electronic (soft-copy) form.  Please provide soft-copy records by email or on a CD if email is not feasible.  However, Ms. Sack does not agree to pay an additional fee to receive records on a CD, and in the instance that such a fee is required, she will accept a paper copy of responsive records.

Your cooperation in this matter would be appreciated.  If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan

## AUTHORIZATION AND PRIVACY WAIVER

I, Katelyn Sack, hereby authorize the law firm National Security Counselors and any attorney associated with it (collectively "my attorneys") to file Freedom of Information Act ("FOIA") requests on my behalf with any agency of the United States government. I also authorize any agency of the United States government to discuss any FOIA requests filed by me or on my behalf (collectively "my requests") with my attorneys. A release to my attorneys shall be considered the legal equivalent of a release to me. A photocopy of this authorization shall have the same effect as the original.

I do solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true to the best of my knowledge.

Katelyn Sack
Katelyn Sack

05-18-2011
Date

# UNIVERSITY *of* VIRGINIA

WOODROW WILSON DEPARTMENT OF POLITICS
P.O. Box 400787
Charlottesville, VA 22904-4787
☎ 434 924 3192 (fax: 434 924 3359)

JEFFERY A. JENKINS
*Associate Professor & Director of Graduate Studies*
*Office Location:* Gibson Hall S 261
*Email:* jaj7d@virginia.edu

June 30, 2011

Re:  Fee category verification and fee waiver request support

To Whom It May Concern:

This letter verifies that Katelyn Sack's FOIA request to which it is attached falls into the "academic" fee category. Ms. Sack is a Ph.D. student and President's Fellow in Politics at the University of Virginia. She intends to review, evaluate, synthesize, and present the requested data, analyses, policies, protocols, and practices in a publically available, usable form. This intention is consistent with U.Va.'s scholarly research goals.

The University of Virginia Politics Department is an institution of graduate higher education which operates programs of scholarly research. Ms. Sack's request is on behalf of this institution, one of the primary aims of which is to explain contemporary political developments in a broad philosophical and historical context that sheds light on the long-term development of institutional structures that shape political behavior norms and public policies. Ms. Sack is acting as a representative of the University of Virginia Department of Politics, and you may consider the Department to be the requester for purposes of fee calculations.

This letter also supports Ms. Sack's request for a fee waiver, on the grounds that disclosure of the requested information will significantly contribute to public understanding of government operations and activities. Ms. Sack's graduate training qualifies her to extract, synthesize, and effectively convey the requested information to the public. Her research is of interest to the public at large, because bias in polygraphs is an under-explored phenomenon that affects millions of Americans.

Sincerely,

Jeffery A. Jenkins

# EXHIBIT I

UNCLASSIFIED

Central Intelligence Agency



Washington, D.C. 20505

6 June 2012

Ms. Katelyn Sack
c/o National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA 22204

Reference: F-2011-01779

Dear Ms. Sack:

This is a final response to your 5 July 2011 Freedom of Information Act (FOIA) request for:

1. **All records pertaining to '[evaluations] of the polygraph as part of CIA's security program' since 1994, in keeping with Recommendation No. 18 of the SSCI Report;**

2. **All records pertaining to polygraph reliability and validity with respect to deception detection;**

3. **All records pertaining to the polygraph's relation to other aspects of the security process, such as background investigations, financial and supervisory reporting, and psychological testing;**

4. **All records pertaining to the use of inconclusive test results, especially (*but not limited to*) situations in which there are no damaging admissions;**

5. **All records pertaining to the use of deceptive polygraph results in the absence of damaging admissions; and**

6. **Any other records pertaining to Recommendation No. 18 of the SSCI Report.**

We processed your request in accordance with the FOIA, 5 U.S.C. § 552, as amended, and the CIA Information Act, 50 U.S.C. § 431, as amended. Our processing included a search for records as described in our 11 August 2011 acceptance letter existing through the date of search, which was 15 March 2012.

We completed a thorough search for records responsive to your request and located five documents, four of which can be released in segregable form with deletions made on the basis of FOIA exemption (b)(1), (b)(3) and/or (b)(6). In addition, it has been determined that one additional document must be denied in its entirety on the basis of FOIA exemption (b)(1) and (b)(3). Copies of the releasable documents and an explanation of exemptions are enclosed at Tab A.

As the CIA Information and Privacy Coordinator, I am the CIA official responsible for this determination. You have the right to appeal this response to the Agency Release Panel, in my care, within 45 days from the date of this letter. If you choose to do so, please include the basis of your appeal. Please note that no appeal shall be accepted for this determination if the information in question is the subject of pending federal litigation. *See* 32. C.F.R. 1900.42(c).

Sincerely,

Michele Meeks
Information and Privacy Coordinator

Enclosures

# EXHIBIT J

# VAUGHN INDEX